*New-Haven, July, 1850.*

Hathaway
*v.*
St. John.

---

KENNEDY *against* HOWELL.

*A* executed and delivered to *B* a writing, under seal, promising, on or before a certain day to pay 300 dollars to *B*, for the sole and separate use of *C*, the wife of *A*. At the time this instrument was executed, *C* was living separate and apart from *A*, without his consent, and against his will; he requested her to return to his family, which she refused to do, unless he would allow her first to visit her parents in *Europe*, and allow her 300 dollars in money for the expenses of such visit,—she promising, that after her return, she would live with him; for this money the instrument in suit was given to *B*, a brother of *C*, as trustee; *C* accordingly went to *Europe*, and returned, but refused and neglected to live with *A*. Held, 1. that the instrument declared on was, in legal effect, an acknowledgment of indebtedness for the sum mentioned in it, with an express covenant to pay it; 2. that the law presumes, that such covenant was made upon sufficient consideration, and *A* was precluded from proving the contrary; 3. that the non-performance by *C* of the agreement on her part, did not excuse *A* from performing his covenant; 4. that the consideration on which the covenant was founded, did not invalidate it, as being illegal or opposed to public policy; 5. that if *C* was insincere in her promise to return and live with *A*, this did not show any fraud in the execution of the instrument.

*New-Haven,*
*July, 1850.*

Kennedy
*v.*
Howell.

THIS was an action on a promissory note or writing obligatory, under the defendant's hand and seal, of the following tenor :

$300                     " *New-Haven*, 28th *September*, 1846.

On or before the 15th day of *November* next, for value received, I promise to pay to *Andrew Kennedy*, or order, three hundred dollars, for the sole and separate use of *Eliza Howell.* As witness my hand and seal,

                              *John W. Howell.*"        [*L. S.*]

The defendant pleaded the general issue, with notice of special matter to be given in evidence.

The cause was tried at *New-Haven, October* term, 1849.

On the trial, the defendant offered evidence to prove, that the instrument under seal, declared on by the plaintiff, was founded upon no consideration ; and that if it was, *that* consideration had failed : and furthermore, that the consideration was this, *viz.*, the wife of the defendant, *Eliza Howell,* named in the instrument, at the time of the execution thereof, (which execution was not denied by the defendant, but proved and admitted,) was, for some cause not stated, living separate and apart from her husband, without his consent, and against his will; that the defendant requested her to return to his family, which she refused to do, unless he would allow her first to visit her parents in *Europe*, and pay her 300 dollars in money, to enable her to pay the expenses of such visit, for which money the instrument in suit was given to the plaintiff, a brother of the defendant's wife, as trustee ; and then, on her return from *Europe*, she would live with him ; that she accordingly went to *Europe*, and returned, sometime before this suit was brought, but though requested by the defendant, has refused hitherto, and still refuses and neglects to return to live with him, in his family. The cause of such continued separation was not stated. This evidence, being objected to, was ruled out by the court.

The defendant further claimed, that said instrument, being founded on the consideration above stated, was void, as founded on an illegal consideration, and against the policy of the law. The court held otherwise, and still rejected the evidence.

The defendant further claimed, that the promise of said *Eliza*, to return and live with him when she came back

from *Europe*, was, when made, insincere on her part, she not intending to keep it, and was thus designed only to influence the defendant to do what he did do. The court allowed the defendant to show any fraud in the execution of the instrument, and held, that it would destroy the same, but not to set up the want of a consideration as a defence.

The jury gave a verdict for the plaintiff; and the defendant thereupon moved for a new trial.

*C. A. Ingersoll,* in support of the motion, contended, 1. That the facts which the defendant offered to prove, and which were excluded by the court, would excuse the performance, by the defendant, of the contract declared on. The rule that a writing under seal is binding, without a consideration, was adopted in the early history of the law, for reasons which were good then, but which now have no force. Then, the seal was every thing, and the signature nothing. Then, it was the seal, and not the signature, that gave binding efficacy to the contract. Now, it is the signature that gives binding force to the contract, and the seal is unessential, except in particular cases, where it is made necessary, by positive law.

There are some covenants which are of no binding force, unless there be a consideration to support them; and the want of a consideration may be set up as an excuse for nonperformance. Covenants in restraint of trade, for instance, without consideration, are good for nothing. And when the courts decided, that it was necessary, in any covenant, to make it good, that there should be a sufficient consideration to support it, they in effect abrogated the general rule, which before existed, that the seal was a sufficient consideration, and no other was needed.

2. That though the defendant will not claim, that the mere total failure of consideration will be a sufficient excuse for the non-performance of a covenant; a doctrine which has been sanctioned by respectable authorities; (*Com. Dig. tit.* Covenant F. *Chitt. Cont.* 5, n. *Rose* & al. v. *Poulton* & al. 2 *B. & Adol.* 822. (22 *E. C. L.* 191.) *Havelock* v. *Geddes* & al. 10 *East,* 555. *Thompson* v. *McCord,* 2 *Bay,* 76.) yet he contends, that the consideration upon which this covenant was founded, is opposed to public policy. The effect

*New-Haven,*
*July, 1850.*
_____
Kennedy
*v.*
Howell.

of it will be, if sustained, to create family quarrels, and to cause pretended and real alienations, on the part of the wife.

*Dutton,* contra, contended, 1. That the evidence of a want of consideration, was properly excluded. *Montville* v. *Haughton,* 7 *Conn. R.* 543. 549.    *Seymour* v. *Harvey,* 8 *Conn. R.* 63.

2. That the other evidence offered by the defendant, was also properly rejected. A bond to provide for a permanent separation of husband and wife, has been held in this state to be good. *Nichols* v. *Palmer,* 5 *Day,* 47.   A *fortiori,* a bond like this, providing for a temporary separation, must be valid. A separate estate in the wife, is recognized in this state. *Jarvis* v. *Prentice,* 19 *Conn. R.* 272.

3. That the arrangement, in this case, was not opposed to the policy of the law. The ultimate object was to bring husband and wife together. The fact that the wife did not return and live with the defendant, is of no consequence : it did not affect the validity of the arrangement. Though an agreement made directly between husband and wife is void ; (*Morgan* v. *Thames Bank,* 14 *Conn. R.* 99.   *Fourth Ecc. So. in Middletown* v. *Mather,* 15 *Conn. R.* 587. 589.) yet the defendant might have taken a bond from her trustee.

HINMAN, J. The instrument declared on, is in the usual form of a promissory note, but, being under seal, and properly delivered, it is, in legal effect, an acknowledgment of indebtedness for the sum for which it was given, with an express covenant to pay it ; a covenant being nothing more than a promise under seal. It was given for the benefit of the defendant's wife ; and, on the trial, he offered to prove, that it was given without any valid consideration ; and that such consideration as there was for it, had failed—which he was not permitted to do.

The law presumes, that covenants are made upon sufficient consideration, and estops the covenantor from proving the contrary. This is now admitted ; still, the defendant claims, that, in cases where there is a consideration, and the party for whose benefit the covenant was made, deprives the other party of it, this excuses the covenantor from performance on his part.

There is no authority for this, where the covenant, like the one under consideration, is a single obligation for the payment of money. That it is so, where the covenant is made dependent on performance, on the part of the covenantee, there is no doubt. Hence the cases cited, where landlords have failed to recover for rent reserved. Rent is the compensation reserved for the enjoyment of property; and such enjoyment is the condition on which the payment is made to depend.

It is claimed, that the consideration of this instrument was illegal; or, at least, that it was opposed to public policy; and, therefore, the covenant was void. The note was payable to the plaintiff, for the use and benefit of the defendant's wife; and it was given to enable her to visit her friends in *Europe*. There seems to be nothing improper in this. It has been held, that a bond for the permanent maintenance of a wife, separate from her husband, is not opposed to public policy. *Nichols* v. *Palmer*, 5 *Day*, 47. If such an instrument is valid, it would seem, there can be no objection to this.

But, it is said, the covenant was intended as an inducement to return and live with the defendant; and that she was insincere in her promise to do so. This does not show any fraud in the execution of the instrument, but rather, that it was understandingly made; and the promise of the wife, in this respect, was a mere agreement to perform her marital duty; it imposed no new obligation; and, therefore, it could not have amounted to a legal consideration for the instrument. Besides, the agreement, as between husband and wife, would have been void, had it professed to bind her to any thing new.

The covenant was, therefore, wholly voluntary, and without consideration; but, inasmuch as the defendant had a right to make it, and saw fit to do so, it is too late, now, to deny his liability.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.